IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID J. ORR,<br><br>     Petitioner,<br><br><br><br><br><br><br><br><br>               vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | MEMORANDUM DECISION AND ORDER NOTIFYING PETITIONER HIS PRO SE MOTION WILL BE CONSTRUED AS A MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255, IF NOT WITHDRAWN; SETTING RESPONSE TIME; AND ORDERING MAILING OF INFORMATION<br><br><br><br>Civil Case No. 2:09-CV-950 TS<br><br>Criminal Case No. 2:03-CR-265 TS |

This matter is before the Court on Petitioner's Petitioner for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Challenge to Jurisdiction and Request to Dismiss Indictment. In his Petition, Petitioner challenges the Court's subject matter jurisdiction.  For the reason discussed below, the Court finds that the Petition is properly classified as a motion under 28 U.S.C. § 2255.

## I.  BACKGROUND

Defendant, along with several others, was indicted on April 9, 2003. The Indictment charged Defendant with one count of conspiracy to commit mail fraud, wire fraud, and conspiracy to defraud the United States in violation of 18 U.S.C. § 371. The Indictment alleged that Defendant was involved in a fraudulent trust scheme designed to evade federal income taxes. On April 5, 2004, Defendant pleaded guilty to Count I of the Indictment.  Defendant was sentenced on January 23, 2007, and judgment was entered on January 25, 2007.  The judgment was amended on October 8, 2008, to add the restitution amount.  No direct appeal was taken from either the judgment or the amended judgment.

## II.  DISCUSSION

Petitioner brings the instant Petition pursuant to 28 U.S.C. § 2241.  Petitioner's primary argument is that the Court lacked jurisdiction to enter judgment in this matter because no quorum was present for the House of Representatives' vote on Title 18 of the United States Code in May of 1947.  Petitioner argues that Title 18 is invalid and, as a result, the Court lacked jurisdiction to enter judgment and the judgment is void.

A § 2241 petition attacks the execution of a sentence.[1]  A § 2255 petition, on the other hand "attacks the legality of detention."[2]  That statute specifically states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

---

[1]*Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000).

[2]*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

2

move the court which imposed the sentence to vacate, set aside or correct the sentence.[3]

Because Petitioner challenges the jurisdiction of this Court, he challenges the validity of his conviction.  Thus, this Petition is appropriate construed as a motion under § 2255, unless a remedy by § 2255 is "inadequate or ineffective to test the legality of his detention."[4] Petitioner does not argue that the remedy provided by § 2255 is inadequate or ineffective here.

In construing a motion filed in a criminal case which requests relief as outlined in 28 U.S.C. § 2255, the Court is required to make Petitioner "aware of the risk associated with recharacterization" as a § 2255 motion, and obtain Petitioner's assent or, the court must "conclude[] that the [defendant's] motion can only be considered under § 2255 and offer[] the movant the opportunity to withdraw the motion rather than have it so recharacterized."[5] Petitioner must be given an "opportunity to contest the recharacterization, or to withdraw or amend the motion."[6]

Petitioner is cautioned that the recharacterization of his Motion as one under § 2255 would likely prevent the filing of a successive petition under the provisions of § 2255(h).[7] Petitioner is further cautioned that the time for filing a new § 2255 Motion expired one year after

---

[3]28 U.S.C. § 2255(a).

[4]*Id*. § 2255(e).

[5]*United States v. Nelson*, 463 F.3d 1145, 1149 (10th Cir. 2006).

[6]*Castro v. United States*, 540 U.S. 375, 381 (2003).

[7]28 U.S.C. § 2255(h) (requiring court of appeals certification for second or successive motions under § 2255) and Rule 9, Rules Governing Section 2255 Proceedings for the United States District Courts (requiring Defendant to obtain an order from the appropriate court of appeals prior to filing a second or successive motion under § 2255).

his October 8, 2008 amended judgment.[8]   Therefore, if Petitioner withdraws his motion, he may

not be able to timely file a new § 2255 Motion.

The Court will grant Petitioner until December 7, 2009, to file one of the following: (1) a

§ 2255 motion using the official form that will be mailed to him; (2) an objection to the Court's

recharacterization of his Motion as a § 2255 motion; or (3) a request to withdraw the Motion.  If

Petitioner objects to the recharacterization, the Court will rule on the characterization issue based

on such objection without further briefing.  If Petitioner files a § 2255 Motion using the official

form he may also file a supporting memorandum.

### III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner shall have until December 7, 2009, to file (1) a § 2255 motion

set forth in the official form that will be mailed to him; (2) an objection to the Court's

recharacterization of his Motion as a § 2255 motion; or (3) a request to withdraw his Motion.  It

is further

ORDERED that the Clerk of Court mail a § 2255 pleading packet to Petitioner at the

address listed on his Motion.  If Petitioner chooses to utilize this packet, the Motion shall also be

filed by December 7, 2009.

DATED   November 5, 2009.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[8]28 U.S.C. § 2255(f) (imposing one-year statute of limitations for filing § 2255 motions).

4