IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID J. ORR, <br><br> Petitioner, <br><br><br><br> vs. <br><br><br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 <br><br><br><br><br><br> Civil Case No. 2:09-CV-950 TS <br><br> Criminal Case No. 2:03-CR-265 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion").[1] Petitioner is proceeding *pro se* in this matter. Having considered the pleadings and the record before it, the Court finds that all of Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255. Based upon the reasons set forth more fully below, the Court will deny the § 2255 Motion and dismiss this case.

---

[1]Case No. 2:09-CV-950 TS, Docket No. 4.

1

I. BACKGROUND

On April 9, 2003, Petitioner was charged, along with other co-conspirators, with one count of conspiracy to commit mail fraud, wire fraud, and conspiracy to defraud the United States, in violation of 18 U.S.C. § 371.[2] On April 5, 2004, Petitioner pleaded guilty to Count One of the Indictment.[3] Petitioner was sentenced to 60 months incarceration on January 23, 2007.[4] Judgment was entered on January 25, 2007.[5] Petitioner was ordered to pay restitution, but restitution was to be determined at a later date.[6] The Court determined restitution to be owed in the amount of $5,285,355.21 and entered an Amended Judgment on October 8, 2008. Petitioner did not appeal either the Judgment or the Amended Judgment.[7]

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court on October 23, 2009.[8] In his Motion, Petitioner's primary argument was that the Court lacked jurisdiction to enter judgment against him because no quorum was present for the House of Representatives' vote on Title 18 of the United States Code in May of 1947. Petitioner argued

---

[2]Case No. 2:03-CR-265 TS, Docket No. 1.

[3]Case No. 2:03-CR-265 TS, Docket No. 66.

[4]Case No. 2:03-CR-265 TS, Docket No. 184.

[5]Case No. 2:03-CR-265 TS, Docket No. 185.

[6]*Id*.

[7]Case No. 2:03-CR-265 TS, Docket No. 244.

[8]Case No. 2:09-CV-950 TS, Docket No. 1.

that Title 18 was invalid and, as a result, the Court lacked jurisdiction to enter judgment and the judgment against him was void.

On November 5, 2009, the Court issued an Order notifying Petitioner that his § 2241 Motion was to be construed as a Motion under § 2255.[9] The Court warned Petitioner of the statute of limitations and the limits on successive § 2255 motions. The Court permitted Petitioner to: (1) file a § 2255 Motion using an official form; (2) object to the recharacterization of his Motion as a § 2255 Motion; or (3) request to withdraw the Motion. Petitioner chose to file a § 2255 Motion on December 10, 2009.[10]

## II. DISCUSSION

Petitioner's Motion is largely based on the argument that the Court lacked jurisdiction to enter judgment. Petitioner also alleges ineffective assistance of counsel. The government argues that Petitioner's Motion is: untimely, subject to a waiver, procedurally barred, and without merit. The Court will address each of these arguments below.

A.   STATUTE OF LIMITATIONS

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[11] Section 2255 states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

---

[9]Case No. 2:09-CV-950 TS, Docket No. 2.

[10]Case No. 2:09-CV-950 TS, Docket No. 4.

[11]See United States v. Simmonds, 111 F.3d 737, 744 (10th Cir. 1997).

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[12]

As set forth above, Petitioner's original Judgment was entered on January 25, 2007. In that Judgment, restitution was ordered, but the exact amount of restitution was to be determined at a later date. That restitution amount was determined on October 8, 2008, and an Amended Judgment was entered. The Court will assume, for the purposes of this Motion, that the statute of limitations did not begin to run until the restitution amount was finally determined and the Amendment Judgment was entered, though this is far from clear.[13]

Respondent argues that the Motion is untimely even using October 8, 2008, as the date the statute of limitations begins to run. Respondent argues that Petitioner had until October 18, 2008, to appeal the Amended Judgment and that Petitioner did not place his Petitioner in the mail until October 21, 2009, three days after the expiration of the one-year limitations period.

---

[12]28 U.S.C. § 2255(f).

[13]*See Dolan v. United States*, — U.S. —, 130 S.Ct. 2533, (2010) (noting that "strong arguments favor the appealability of the initial judgment irrespective of the delay in determining the restitution amount").

4

Respondent's argument relies on an incorrect reading of the Federal Rules of Appellate Procedure at issue during the relevant time period.[14] Fed.R.App.P. 4(b) then stated that a defendant in a criminal case must file a notice of appeal within 10 days of judgment being entered.[15] Under the then-applicable version of Fed.R.App. 26, intermediate Saturdays, Sundays, and legal holidays were excluded when the period was less than 11 days.[16] Thus, Petitioner did not have until October 18, 2008, to appeal, the Amended Judgment, as argued by the government, he had until October 23, 2008. Petitioner filed this matter on October 23, 2009, one year later. Therefore, the Court finds that Petitioner's Motion is timely filed, assuming that the applicable judgment date is that related to the Amended Judgment.

B.  WAIVER

Petitioner's plea agreement contained the following language:

> (1) I fully understand[] my right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, U.S.C. Section 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction, and (2) an upward departure from the final sentencing guideline range determined by the court.
> (2) I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any

---

[14] The timing provisions of the Federal Rules of Appellate Procedure have since been amended effective December 1, 2009.

[15] Fed.R.App.P. 4(b)(1)(A)(i).

[16] Fed.R.App.P. 26(a).

5

collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, U.S.C. Section 2255.[17]

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[18] In determining the enforceability of such waivers, the Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[19]

1. *Scope of Appeal Waiver*

As noted above, Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, U.S.C. Section 2255."[20]

Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought—§ 2255. The Court detects no ambiguity whatsoever in the language.

---

[17] Case No. 2:03-CR-265 TS, Docket No. 62.

[18] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[19] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)).

[20] Case No. 2:03-CR-265 TS, Docket No. 62.

The Tenth Circuit has held that a waiver of post-conviction rights "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[21] Petitioner argues that the claims raised in his Motion were not raised previously because of ineffective assistance of counsel. This ineffective assistance claim does not challenge the validity of the plea or the waiver. Therefore, the exception stated in *Cockerham* does not apply and Petitioner's claim is within the scope of the waiver.

2. *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[22] In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[23] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[24] Further, the Supreme Court has stated that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general*

---

[21]*Cockerham*, 237 F.3d at 1187.

[22]*Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[23]*Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[24]*Id*. (internal citations omitted).

7

in the circumstances – even though the defendant may now know the *specific detailed* consequences of invoking it."[25]

First, the Court finds that the language of the plea agreement at issue here expressly states that Petitioner entered into the agreement knowingly and voluntarily. The language of the appeal waiver states that "I fully understand my right to appeal my sentence . . . I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined" and further that "I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, U.S.C. Section 2255."[26]

Next, the Court considers whether there was an adequate Rule 11 colloquy conducted on the record between the Court and Petitioner. The Court notes that Petitioner bears the "burden to present evidence from the record establishing that he did not understand the waiver."[27] The Court finds that an adequate Rule 11 colloquy was conducted here.[28]

In addition to the plea colloquy, in the written plea agreement, Petitioner signed his name beneath the following statements, among others: "No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea. . . . I have discussed this case and

---

[25] *United States v. Ruiz*, 536 U.S. 622, 629-30 (2002) (emphasis in original).

[26] Case No. 2:03-CR-265 TS, Docket No. 62.

[27] *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

[28] Case No. 2:03-CR-265 TS, Docket No. 66.

8

this plea with my lawyer as much as I wish to. I am satisfied with my lawyer. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made, and I am not now under the influence of drugs, medication or intoxicants. I have no mental reservations concerning the plea."[29]

Considering the above, the Court finds that both Petitioner's plea of guilty and his collateral appeal waiver were "knowingly and voluntarily made."

3. *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[30]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[31]

Petitioner bears the burden of establishing a miscarriage of justice.[32]

---

[29]Case No. 2:03-CR-265, Docket No. 62.

[30]*Hahn*, 359 F.3d at 1327 (internal citations omitted).

[31]*Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[32]*United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

First, there is no evidence that the Court relied upon an impermissible factor. Second, Petitioner's raises an ineffective assistance of counsel claim, but does not allege ineffective assistance in connection with the negotiation of the waiver. Third, the sentence issued here did not exceed the statutory maximum. Finally, the waiver is not otherwise unlawful and does not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

The Court finds that this collateral appeal is within the scope of Petitioner's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice. Therefore, this Court will enforce Petitioner's waiver.

C.   PROCEDURAL BAR

The Supreme Court has ruled that because "a final judgment commands respect," it has "long and consistently affirmed that a collateral challenge may not do service for an appeal."[33] Generally, the Tenth Circuit has held that § 2255 cannot be used to test the legality of matters which should have been raised on appeal.[34] Further, if an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting [from] the error or a fundamental miscarriage of justice [if] the claim is not considered."[35]

---

[33] *United States v. Frady*, 456 U.S. 152, 165 (1982).

[34] *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

[35] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also Frady*, 456 U.S. at 167-68 (A defendant can overcome this bar only by showing cause for the procedural default and actual prejudice resulting from the alleged sentencing error).

10

All claims presented in the instant § 2255 Motion, with the exception of Petitioner's ineffective assistance claim, could have been, but were not, raised on direct appeal. Therefore, these claims are procedurally barred and can only be considered if Petitioner can establish cause and prejudice or a fundamental miscarriage of justice.

Petitioner does argue that his counsel was ineffective for failing to raise the issues in his Motion previously. Ineffective assistance of counsel can constitute cause for a procedural default.[36] The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[37]

To successfully claim ineffective assistance then, Petitioner must show two things. First, he must show that Counsel functioned deficiently.[38] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[39] Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[40] "This requires showing that counsel's errors were so serious as to deprive

---

[36] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[37] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 690 (1984)).

[38] *Strickland*, 466 U.S. at 687.

[39] *Id.*

[40] *Id.*

11

[Petitioner] of a fair [proceeding], . . . whose result is reliable."[41] Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[42]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[43] In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[44] Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[45]

Petitioner claims that his counsel was ineffective for failing to raise the issues raised in his Motion. "When, as here, the basis for the ineffective assistance claim is the failure to raise an issue, we must look to the merits of the omitted issue. If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance."[46] As will be discussed below, each of Petitioner's claims are without merit. Therefore, his counsel was not

---

[41]*Id.*

[42]*Id.*

[43]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[44]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[45]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[46]*United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) (citation omitted).

ineffective for not raising them. As a result, Petitioner has not shown cause or prejudice and his claims, with the exception of his ineffective assistance claim, are procedurally barred.

D.     THE MERITS OF PETITIONER'S CLAIMS

   *1.     Subject Matter Jurisdiction*

Petitioner first argues that Public Law 80-772 and 18 U.S.C. § 3231 are unconstitutional and were never enacted by Congress and that the Court was without jurisdiction. A number of courts have considered and rejected this claim.[47] This Court joins these courts and finds Petitioner's argument to be without merit.

   *2.     Crimes Were Committed in the District of Utah*

Petitioner next argues that the Court failed to establish that the crimes were committed in the District of Utah. This claim fails based on the clear language of Petitioner's Statement of Defendant in Advance of Plea of Guilty. In that Statement, Petitioner admitted: "In furtherance of the conspiracy, I admit that on or about October 31, 1996, I caused a false and fraudulent letter to be mailed from Utah to the IRS in Colorado via United States Mail wherein I misrepresented the validity of the trust scheme and the services the coconspirators and I provided."[48]

   *3.     Territorial Jurisdiction*

Petitioner also argues that the Court did not have jurisdiction because it has no territorial jurisdiction. This argument fails because, pursuant to 18 U.S.C. § 3231, federal district courts

---

[47]*See, e.g., Cardenas-Celestino v. United States*, 552 F.Supp. 2d 962, 966-67 (W.D. Mo. 2008) (collecting cases).

[48]Case No. 2:03-CR-265 TS, Docket No. 62, ¶ 12(k).

13

have jurisdiction over offenses against the laws of the United States. Petitioner's argument that this Court is not an Article III Judge is similarly without merit.

  *4. Ineffective Assistance*

  Finally, Petitioner argues that his counsel was ineffective for failing to raise any of the above-listed claims. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[49] "When, as here, the basis for the ineffective assistance claim is the failure to raise an issue, we must look to the merits of the omitted issue. If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance."[50]

  As set forth above, each of Petitioner's claims are without merit. Therefore, counsel was not ineffective in failing to raise them.

### III. CONCLUSION

  Based upon the above, it is hereby

  ORDERED that Petitioner's § 2255 Motion (Docket No. 4 in Case No. 2:09-CV-950 TS) is DENIED for the reasons set forth above. It is further

  ORDERED that Movant Eric Fowler's Motion for Leave to File Amicus Brief and Motion for Leave to File Reply (Docket Nos. 13 and 15 in Case No. 2:09-CV-950 TS) are DENIED. It is further

---

[49]*Lopez*, 100 F.3d at 117(citing *Strickland,* 466 U.S. at 687, 690 (1984)).

[50]*Orange*, 447 F.3d at 797 (citation omitted).

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:09-CV-950 TS forthwith.

SO ORDERED.

DATED   August 24, 2010.


BY THE COURT:

_____
TED STEWART
United States District Judge